ORIGINAL

# 15 MAG     4244

Approved: _____
JANE KIM
Assistant United States Attorney

Before:    HONORABLE FRANK MAAS
Chief United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :    COMPLAINT
                                       :
    - v. -                             :    Violation of
                                       :    8 U.S.C.
                                       :    §§ 1326(a) & (b)(2)
                                       :
JAY LOPEZ CAMILO,                      :
    a/k/a "Jay Lopez,"                 :    COUNTY OF OFFENSE:
    a/k/a "Eduardo Alvira-Martirnzo," :    BRONX
                                       :
            Defendant.                 :
                                       :
- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    BRIAN FIGUEIREDO, being duly sworn, deposes and says
that he is a Deportation Officer with the United States
Department of Homeland Security, Immigration and Customs
Enforcement, and charges as follows:

## COUNT ONE

    1.    From at least on or about October 20, 2015, in
the Southern District of New York and elsewhere, JAY LOPEZ
CAMILO, a/k/a "Jay Lopez," a/k/a "Eduardo Alvira-Martirnzo," the
defendant, being an alien, unlawfully did enter, and was found
in, the United States, after having been removed from the United
States subsequent to a conviction for the commission of an
aggravated felony, without having obtained the express consent
of the Attorney General of the United States or her successor,
the Secretary for the Department of Homeland Security, to
reapply for admission.

    (Title 8, United States Code, Sections 1326(a) & (b)(2).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

2.     I am an officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and I have been personally involved in the investigation of this matter.  This affidavit is based in part upon my conversations with law enforcement agents and others and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.     Based upon my review of records maintained by ICE regarding JAY LOPEZ CAMILO, a/k/a "Jay Lopez," a/k/a "Eduardo Alvira-Martirnzo," the defendant, including CAMILO's criminal history, I have learned, in substance and in part, the following:

a.     CAMILO is a native and citizen of the Dominican Republic and is not and has never been a citizen of the United States.

b.     On or about January 13, 2000, CAMILO was convicted in the Supreme Court of New York, New York County, of criminal sale of a controlled substance in the second degree, a felony, in violation of New York Penal Law § 220.41 (the "2000 Conviction").

c.     Based upon my experience with ICE, I understand that the above-referenced offense qualifies as an "aggravated felony" within the meaning of Section 1326(b)(2) of Title 8 of the United States Code.

d.     On or about September 18, 2000, CAMILO was ordered removed from the United States to the Dominican Republic based upon a removal order issued by an immigration judge.

e.     On or about January 29, 2001, CAMILO was deported from the United States to the Dominican Republic.

f.     On or about February 15, 2002, CAMILO was convicted in the United States District Court for the Eastern District of New York for illegal reentry after having previously

committed an aggravated felony, in violation of Title 8, United States Code, Section 1326(a).

    g.  On or about January 4, 2005, CAMILO was ordered removed from the United States to the Dominican Republic based upon a removal order issued by an immigration judge.

    h.  On or about January 12, 2005, CAMILO was removed from the United States.

    i.  ICE has performed searches of all ICE indices and confirmed that, following his most recent removal to the Dominican Republic, CAMILO never obtained the express consent of the Attorney General of the United States, or the Secretary for the Department of Homeland Security, to reapply for admission to the United States.

    4.  From speaking with other law enforcement agents and personnel, I have learned, among other things, the following:

    a.  On or about October 20, 2015, JAY LOPEZ CAMILO, a/k/a "Jay Lopez," a/k/a "Eduardo Alvira-Martirnzo," the defendant, was arrested by the New York City Police Department (the "NYPD"), in the Bronx, New York, for, among other things, attempted criminal possession of a controlled substance in the first degree, in violation of New York Penal Law § 220.21 (the "2015 Arrest").

    b.  At the time of the 2015 Arrest, CAMILO's fingerprints were captured and revealed that he was previously removed from the United States to the Dominican Republic.

    5.  Based on my review of documents and records and on conversations with law enforcement personnel and others, I know that a fingerprint specialist with ICE's Forensic Laboratory has reviewed and compared: (i) a fingerprint impression bearing the name "Jay Lopez," taken of JAY LOPEZ CAMILO, a/k/a "Jay Lopez," a/k/a "Eduardo Alvira-Martirnzo," the defendant, on or about July 2, 1999, by the NYPD, in connection with CAMILO's 2000 Conviction; (ii) a fingerprint impression bearing the name "Jay Lopez Camilo," taken of CAMILO on or about January 12, 2005, by ICE, in connection with CAMILO's 2005 warrant of removal; and (3) a fingerprint impression bearing the name "Eduardo AlviraMartirnzo," taken of CAMILO on or about October 20, 2015, by the NYPD in connection with the 2015 Arrest. A Deportation Officer trained in fingerprint analysis

and comparison concluded that the three fingerprint impressions were made by one and the same individual, namely CAMILO.

WHEREFORE, the deponent prays that JAY LOPEZ CAMILO, a/k/a "Jay Lopez," a/k/a "Eduardo Alvira-Martirnzo," the defendant, be imprisoned, or bailed, as the case may be.

_____
BRIAN FIGUEIREDO
Deportation Officer
Department of Homeland Security

Sworn to before me this
25 th day of November, 2015

_____
HONORABLE FRANK MAAS
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4